1  LAURIE E. SHERWOOD, State Bar No. 155312
   WFBM, LLP
2  601 Montgomery Street, Ninth Floor
3  San Francisco, California 94111-2612
   Telephone:  (415) 781-7072
4  Facsimile:   (415) 391-6258

5
   SAGE R. KNAUFT, State Bar No. 194396
6  sknauft@wfbm.com
7  REEMA ABBOUD, State Bar No. 301841
   rabboud@wfbm.com
8  WFBM, LLP
9  One City Boulevard West, Fifth Floor
   Orange, California 92868-3677
10 Telephone:  (714) 634-2522
11 Facsimile:   (714) 634-0686

12 Attorneys for Defendant,
   STATE FARM MUTUAL
13 AUTOMOBILE INSURANCE
   COMPANY
14

15           UNITED STATES DISTRICT COURT

16          CENTRAL DISTRICT OF CALIFORNIA

17

18 ANNA ANUSH KHACHATRYAN, an        Case No.
19 individual,
                                     [Los Angeles County Superior Court
20          Plaintiff,               Case No. BC722280]

21      v.                           **NOTICE OF REMOVAL OF CIVIL
                                     ACTION TO THE UNITED
22                                   STATES DISTRICT COURT
23 STATE FARM MUTUAL                 UNDER 28 U.S.C. SECTIONS 1332
   AUTOMOBILE INSURANCE              and 1441 (DIVERSITY);
24 COMPANY, an Illinois Corporation, and  DECLARATION OF LAURIE
   DOES 1 through 20, Inclusive,     SHERWOOD**
25
26          Defendants.

27
   / / /
28

4644893.1
4893-3.4951
                          -1-
   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(a) (DIVERSITY);

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. section 1441, Defendant State Farm Mutual Automobile Insurance Company removes the state court action described below to this Court. The grounds for removal are as follows:

1.     On September 17, 2018, Plaintiff Anna Anush Khachatryan ("Plaintiff") commenced an action against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") in the California Superior Court for the County of Los Angeles, entitled *Anna Anush Khachatryan v. State Farm Mutual Automobile Insurance Company* , Case No. BC722280. A true and correct copy of the Summons, the Complaint, and accompanying papers received by State Farm in the state court action is attached as Exhibit A to the Declaration of Laurie E. Sherwood.

2.     Plaintiff served State Farm with the Complaint and Summons on September 21, 2018. A true and correct copy of the Notice of Service of Summons and completed Summons are attached collectively as Exhibit B to the Declaration of Laurie Sherwood. Therefore, this Notice of Removal is filed within 30 days from the date upon which State Farm was served and is within the time for removal provided by law. *See* 28 U.S.C. § 1446(b).

3.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. Section 1441, in that it is an action in which the amount in controversy exceeds $75,000 and Plaintiff and State Farm are citizens of different states.

## AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

4.     This action is one which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and the entire action is subject to removal under 28 U.S.C. section 1441(b) on the following grounds:  the parties, named and served, are citizens of

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

-2-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(a) (DIVERSITY);

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

1 | different states, and the amount in controversy exceeds $75,000.00, exclusive of

2 | interest and costs. Plaintiff's Complaint alleges eight causes of action against State

3 | Farm, claiming State Farm discriminated against, retaliated against, failed to

4 | accommodate, failed to engage in the interactive good faith process, and wrongfully

5 | terminated Plaintiff in violation of public policy, the Fair Employment and Housing Act

6 | and the California Family Rights Act. As such, Plaintiff seeks past and future

7 | economic and non-economic damages of an unspecified amount, in addition to pre-

8 | judgement interest, post-judgement interest, costs, attorney' s fees per statute, and

9 | punitive damages of an unspecified amount.

10 |      5.     A defendant may remove a case to federal court, if it is "facially apparent"

11 | from the allegations of the complaint that the amount in controversy will exceed

12 | $75,000.00. 28 U.S.C. 1446(c)(2); *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir.

13 | 1999); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that

14 | it was "facially apparent" that the amount in controversy requirement was satisfied

15 | where the complaint contained wrongful termination allegations showing a lengthy list

16 | of compensatory and punitive damages). Here, Plaintiff claims past and future

17 | economic damages including loss of earnings, medical and incidental expenses, past

18 | and future non-economic damages including pain, suffering, inconvenience, and

19 | emotional distress expenses, and also claims costs and attorney's fees, in an amount not

20 | presently known but believed to be in excess of the minimum jurisdictional limit.

21 | Plaintiff also claims punitive damages, recoverable under California law, and places the

22 | amount in controversy over $75,000. *See Gibson v. Chrysler Corp.*, (9th Cir. 2001) 261

23 | F.3d 927, 945. It cannot be said to a legal certainty that Plaintiff would not be entitled

24 | to recover the jurisdictional amount.

25 |                   **DIVERSITY OF CITIZENSHIP EXISTS**

26 |     6.     There is complete diversity between Plaintiff and State Farm.

27 |     7.     For diversity purposes, "a corporation is a citizen of (1) the state under

28 |

4644893.1
4893-3.4951

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

1  whose laws it is organized or incorporated; and (2) the state of its 'principal place of

2  business.' 28 U.S.C § 1332 (c)(1)." *Davis v. HSBC Bank Nevada*, N.A., 557 F.3d 1026,

3  1028 (9th Cir. 2009).  To determine a corporation's principal place of business, Federal

4  courts must utilize the "nerve center" test, a corporation's principal place of business is

5  "the place where the corporation's high level officers direct, control, and coordinate the

6  corporation's activities." *Id.* Per the United States Supreme Court, a corporation's nerve

7  center "should normally be the place where the corporation maintains its headquarters –

8  provided that the headquarters is the actual center of direction, control and

9  coordination." *Id.*

10      8.      Based on information and belief, Plaintiff, at the time of filing the state

11  court action, was and still is, residing in Los Angeles County, California and is a citizen

12  of the State of California.

13      9.      Defendant State Farm Mutual Automobile Insurance Company was, at the

14  time of filing of the state court action and still is, a corporation organized under the

15  laws of Illinois, with its principal place of business located at One State Farm Plaza,

16  Bloomington, Illinois.  Declaration of Laurie E. Sherwood, ¶ 4.

17      10.     Accordingly, the diversity of citizenship requirement under 28 U.S.C.

18  Section 1332 is satisfied.

19                          **FICTITIOUS DOE DEFENDANTS**

20      11.     Defendant Does 1 through 20, Inclusive, are wholly fictitious.  The

21  Complaint does not set forth the identity or status of any said fictitious defendants.  The

22  naming of said fictitious defendants does not destroy the diversity of citizenship

23  between the parties in this action and is to be disregarded.  28 U.S.C. §1441(b)(1);

24  *Newcombe v. Adolf Coors Co.* (9th Cir. 1998) 157 F.3d 686, 690-91.  Further, 28

25  U.S.C. section 1441(b)(2) permits removal based on diversity only if none of the parties

26  in interest properly joined and served as defendants is a citizen of the State in which

27  such action is brought. 28 U.S.C. §1441(b)(2).  Thus, the citizenship of a defendant

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(a) (DIVERSITY);

1  who has not been served, such as Does 1 through 20, Inclusive, can be ignored for

2  purposes of determining whether diversity jurisdiction exists. *Republic Western Ins.*

3  *Co. v. International Ins. Co.* (N.D. Cal. 1991) 765 F.Supp. 628, 629.   Here, no

4  defendants other than State Farm have been served at the time of the filing of the instant

5  removal.   Accordingly, the mere fact the Complaint references fictitious defendants

6  does not destroy diversity jurisdiction and does not preclude this action from being

7  properly removed to this Court.

8       12.    The attached exhibits constitute all processes, pleadings, and orders served

9  upon defendants in this matter.

10           **OTHER REQUIREMENTS OF REMOVAL ARE MET**

11       13.    This Notice of Removal is being filed within 30 days of the service

12  becoming effective on Defendants and within 30 days of Defendants receiving a copy

13  of a pleading, motion, or order from which it first may be ascertained that the case has

14  become removable.   Removal is also timely because this Notice of Removal is filed not

15  more than one year after the action was commenced in the state court.   Thus, this

16  Notice of Removal is timely filed under 28 U.S.C. section 1446(b).

17       14.    Because complete diversity exists between Plaintiff and State Farm, and

18  the amount in controversy allegedly exceeds the jurisdictional amount set by 28 U.S.C.

19  section 1332, this Court is vested with subject matter jurisdiction over this action.

20       15.    Removal to this Court is also proper under 28 U.S.C. section 1441(a)

21  because the California Superior Court for the County of Los Angeles is geographically

22  located within this Court's district.

23       16.    Counsel for Defendant certifies that it will file a copy of this Notice of

24  Removal with the Clerk of the Superior Court of the State of California, County of Los

25  Angeles, and give notice of the removal to counsel for Plaintiff.

26  / / /

27  / / /

28

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

4644893.1
4893-3.4951

-5-

1    17.    On October 17, 2018, State Farm filed its respective answer in the Los

2 Angeles County Superior Court. A true and correct copy of the Court-endorsed answer

3 is attached as Exhibit C to the Declaration of Laurie E. Sherwood.

4    WHEREFORE, State Farm prays this action be removed to the United States

5 District Court for the Central District of California.

6

7 Dated: October 22, 2018      WFBM, LLP

8

9                   By: _____

10                      LAURIE E. SHERWOOD

11                      SAGE R. KNAUFT

12                      REEMA ABBOUD

13                      Attorneys for Defendant
                     STATE FARM MUTUAL AUTOMOBILE

14                      INSURANCE COMPANY

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(a) (DIVERSITY);

## DECLARATION OF LAURIE E. SHERWOOD

I, Laurie E. Sherwood, declare as follows:

1.      I am an attorney at law duly licensed to practice before all of the courts in the State of California.  I am a partner with the law firm of WFBM, LLP, counsel of record for Defendant State Farm Mutual Automobile Insurance Company ("State Farm").  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      On September 17, 2018, an action was commenced in the California Superior Court for the County of Los Angeles, entitled *Anna Anush Khachatryan v. State Farm Mutual Automobile Insurance Company*, Case No. BC722280.  A true and correct copy of the summons, the Complaint, and accompanying papers received by Defendant in the state court action is attached as Exhibit A.

3.      State Farm was served with Summons and Complaint on September 21, 2018.  A true and correct copy of the Notice of Service of Summons and completed Summons are attached collectively as Exhibit B.

4.      State Farm was, at the time of filing of the state court action and still is, a corporation organized under the laws of Illinois, with its principal place of business is located at One State Farm Plaza, Bloomington, Illinois.

5.      On October 17, 2018 State Farm filed its respective answer in the Los Angeles County Superior Court.  A true and correct copy of the Court-endorsed answers is attached as Exhibit C.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of October 2018, at San Francisco, California.

*Laurie E. Sherwood*

_____

Laurie E. Sherwood

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

4644893.1
4893-3.4951

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(a) (DIVERSITY);

# EXHIBIT "A"

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY. an Illinois
Corporation and DOES 1 through 20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANNA ANUSH KHACHATRYAN. an individual.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Los Angeles Superior Court
*(El nombre y dirección de la corte es):*

111 N. Hill St.
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*

BC 7 2 2 2 8 0

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
A. Jacob Nalbandyan. Esq. | Ruben Limonjyan. Esq.
Employees' Legal Advocates, LLP
811 Wilshire Blvd., Suite 800, Los Angeles, CA 90017
Phone: (213) 232-4848 Fax: (213) 232-4849

DATE: SEP 17 2018
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)* SHERRI R. CARTER *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
   State Farm Mutual Automobile Insurance Companyan
3. [X] on behalf of (specify): Illinois Corporation
   under: [X] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other (specify):
4. [ ] by personal delivery on (r

[SEAL]

Page 1 of 1

Form Adopted for Mandatory
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

A. Jacob Nalbandyan, Esq. (SBN 272023)
jnalbandyan@employeesla.com
Ruben Limonjiyan, Esq. (SBN 305307)
rlimonjiyan@employeesla.com
**EMPLOYEES' LEGAL ADVOCATES, LLP**
811 Wilshire Blvd, Suite 800
Los Angeles, CA 90017
Tel: (213) 232-4848
Fax: (213) 232-4849

Attorneys for Plaintiff,
ANNA ANUSH KHACHATRYAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| ANNA ANUSH KHACHATRYAN, an individual. | Case No.:   BC 7 2 2 2 8 0 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1. **DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT** |
| | 2. **RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACTS** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, and DOES 1 through 20, Inclusive. | 3. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** |
| Defendants. | 4. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** |
| | 5. **FAILURE TO PROVIDE REASONABLE ACCOMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** |
| | 6. **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** |
| | 7. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** |
| | 8. **WRONGFUL TERMINATION IN** |

eLA File # 2410

-1-

**COMPLAINT FOR DAMAGES**

|  | ) | **VIOLATION OF PUBLIC POLICY** |
|---|---|---|
|  | ) |  |
|  | ) | **DEMAND OVER $25,000** |
|  | ) |  |
|  | ) | **DEMAND FOR JURY TRIAL** |
|  | ) |  |

ANNA ANUSH KHACHATRYAN ("Plaintiff") is informed and believes, and alleges thereon, the following:

### PARTIES, VENUE, AND JURISDICTION

1.      Plaintiff, at all times relevant to this action, resided in Los Angeles County, California.

2.      Plaintiff is informed and believes, and thereon alleges STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM") is an Illinois Corporation with its principal place of business in Los Angeles County, California.

3.      Plaintiff is informed and believes, and thereon alleges that Defendant STATE FARM is an insurance and financial services company.

4.      The unlawful acts pleaded herein occurred in Los Angeles County, California.

5.      Venue is proper in Los Angeles County pursuant to California Government Code § 12965.

6.      Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7.      At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendant, and was acting within the course and scope of such agency or employment.

8.      Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiffs' injuries as herein alleged.

**COMPLAINT FOR DAMAGES**

9.      Pursuant to CAL. GOV'T CODE §§12960, *et seq.*, Plaintiff filed a charge against Defendant with the California Department of Fair Employment and Housing ("DFEH") on December 4, 2017, less than one year from the date of most recent actionable offense. On December 4, 2017, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

## FACTUAL ALLEGATIONS

10.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

11.     In or about March 2012, Plaintiff began working for Defendant as an automobile claims representative. Plaintiff's good work ethic and positive remarks from her supervisors led her to several promotions during the first couple of years of employment with Defendant.

12.     In or about November 2012, Plaintiff was promoted to a fire claims specialist. She was subsequently promoted to the special investigative unit (SIU) as a claim specialist in or about March 2014. Plaintiff was once again promoted to the multi claims investigative unit (MCIU) as a claim specialist in or about December 2014 under a new supervisor, Andrew Albertson.

13.     In or about early 2015, Plaintiff began treating for various orthopedic injuries associated with her disabling spinal anomalies. Soon thereafter, Plaintiff began rehabilitating with, among other things, courses of physical therapy. Plaintiff kept Defendant apprised of all of her doctor's appointments and medical notes at all times throughout her employment.

14.     Plaintiff continued working for Defendant as she was rehabilitating from her disability. As a result, she took several intermittent medical leaves of absence, which did not sit well with Defendant. Thereafter, on or about July 25, 2016, Plaintiff took an extended approved medical leave of absence until or about November 18, 2016 to help facilitate her recovery stemming from her disability.

15.     Plaintiff returned from her medical leave of absence on or about November 19, 2016, and was terminated shortly thereafter as a result of her disability and associated leave of absence.

16.     Plaintiff was left embarrassed, ashamed, emotionally broken, and in financial desperation for having been directly discriminated against for having a disability and/or taking medical leaves of absence despite years of outstanding and loyal service to Defendant.

eLA File # 2410                                                          -3-

### COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF

## THE CALIFORNIA FAMILY RIGHTS ACT

17.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

18.     At all times relevant to this action, Plaintiff was employed by Defendant.

19.     At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

20.     At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed fifty or more persons within the meaning of CAL. GOV'T CODE §12945.2(b)-(c)(2).

21.     At all times relevant to this action, Plaintiff had more than 12 months of service with Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE §12945.2(a).

22.     Defendant unlawfully discriminated against Plaintiff because of her serious health condition and medical leave of absence by terminating her in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(t), and 12945.2(l).

23.     Defendant's decision to terminate Plaintiff was substantially motivated by her serious health condition and medical leaves of absence, as previously pled herein.

24.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

25.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff

eLA File # 2410                                    -4-

**COMPLAINT FOR DAMAGES**

1   great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

2        26.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

3   the future, will be required to employ physicians and incur additional medical and incidental expenses.

4   The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to

5   amend this Complaint to set forth the exact amount when it has been ascertained.

6        27.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

7   directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

8   were carried out with full knowledge of the extreme risk of injury involved, and with willful and

9   conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

10   fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment

11   benefits. Accordingly, an award of punitive damages is warranted.

12        28.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

13   employees, officers, directors, and/or managing agents were undertaken with the prior approval,

14   consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

15   and through its officers, directors, and/or managing agents.

16

17                           **SECOND CAUSE OF ACTION**

18                       **RETALIATION IN VIOLATION OF**

19                **THE CALIFORNIA FAMILY RIGHTS ACT**

20        29.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this

21   Complaint as though fully set forth herein.

22        30.    At all times relevant to this action, Plaintiff was employed by Defendant.

23        31.    At all times relevant to this action, Plaintiff suffered from a serious health condition

24   within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

25        32.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges

26   that Defendant was an employer who regularly employed fifty or more persons within the meaning of

27   CAL. GOV'T CODE §12945.2(b)-(c)(2).

28        33.    At all times relevant to this action, Plaintiff had more than 12 months of service with

elA File #: 2410                -5-

**COMPLAINT FOR DAMAGES**

1   Defendant. had worked at least 1,250 hours for Defendant during the previous 12 months, and had

2   taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE

3   §12945.2(a).

4       34.    Defendant unlawfully retaliated against Plaintiff because of her serious health condition

5   and medical leave of absence by terminating her in violation of CAL. GOV'T CODE §§ 12945.2(a),

6   12945.2(t), and 12945.2(l).

7       35.    Defendant's decision to terminate Plaintiff was substantially motivated by her serious

8   health condition and medical leaves of absence. as previously pled herein.

9       36.    As a direct and proximate result of Defendant's actions. Plaintiff has suffered and

10  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

11  unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

12  have been diminished. The exact amount of such expenses and losses is presently unknown, and

13  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

14  ascertained.

15      37.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

16  damages. as she was psychologically injured. Such injuries have caused. and continue to cause Plaintiff

17  great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

18      38.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

19  the future, will be required to employ physicians and incur additional medical and incidental expenses.

20  The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to

21  amend this Complaint to set forth the exact amount when it has been ascertained.

22      39.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

23  directors. and/or managing agents of Defendant acted with malice and oppression. as their unlawful acts

24  were carried out with full knowledge of the extreme risk of injury involved. and with willful and

25  conscious disregard for Plaintiff's rights. They also acted fraudulently. as they willfully concealed the

26  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment

27  benefits. Accordingly, an award of punitive damages is warranted.

28      40.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

eLA File #: 2410              -6-

**COMPLAINT FOR DAMAGES**

1    employees, officers, directors, and/or managing agents were undertaken with the prior approval,

2    consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

3    and through its officers, directors, and/or managing agents.

4

5                 **THIRD CAUSE OF ACTION**

6          **DISABILITY DISCRIMINATION IN VIOLATION OF**

7           **THE FAIR EMPLOYMENT AND HOUSING ACT**

8         41.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

9    Complaint, as though fully set forth herein.

10         42.     At all times relevant to this action, Plaintiff was employed by Defendant.

11         43.     At all times relevant to this action, Defendant was an employer who regularly

12    employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

13         44.     At all times relevant to this action, Plaintiff was a member of a protected class within

14    the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m) because of her disability and/or being

15    regarded as disabled.

16         45.     At all times relevant to this action, Defendant unlawfully discriminated against

17    Plaintiff, as previously alleged, on the basis of her disability and/or being regarded as disabled by

18    terminating her.

19         46.     Defendant was substantially motivated to terminate Plaintiff because of her disability

20    and/or regarding her as disabled.

21         47.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

22    continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

23    unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

24    have been diminished. The exact amount of such expenses and losses is presently unknown, and

25    Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

26    ascertained.

27         48.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

28    damages, as she was psychologically injured. Such injuries have caused, and continue to cause

1  Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

2      49.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

3  in the future, will be required to employ physicians and incur additional medical and incidental

4  expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek

5  leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

6      50.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

7  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

8  acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

9  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

10  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of

11  employment benefits. Accordingly, an award of punitive damages is warranted.

12      51.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

13  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

14  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

15  and through its officers, directors, and/or managing agents.

16

17                      **FOURTH CAUSE OF ACTION**

18          **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

19          **IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

20      52.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

21  Complaint, as though fully set forth herein.

22      53.    At all times relevant to this action, Plaintiff was employed by Defendant.

23      54.    At all times relevant to this action, Defendant was an employer who regularly

24  employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

25      55.    At all times relevant to this action, Plaintiff was a member of a protected class within

26  the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of Plaintiff's disability and/or

27  being regarded as disabled.

28      56.    Defendant unlawfully failed to engage in a timely, good faith, interactive process with

elA File # 2410                          -8-

                          **COMPLAINT FOR DAMAGES**

1    Plaintiff to determine effective reasonable accommodations despite the fact that it had actual and

2    constructive knowledge of her disability, in violation of CAL. GOV'T CODE §§ 12940(n) and

3    12926.1(e), as previously pled herein.

4        57.     Defendant's failure to engage in a good faith interactive process with Plaintiff was

5    substantially motivated by her disability, as previously pled herein.

6        58.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

7    continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

8    unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

9    have been diminished. The exact amount of such expenses and losses is presently unknown, and

10    Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

11    ascertained.

12        59.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

13    damages, as she was psychologically injured. Such injuries have caused, and continue to cause

14    Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

15        60.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

16    in the future, will be required to employ physicians and incur additional medical and incidental

17    expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek

18    leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

19        61.     Plaintiff is informed and believes, and thereon alleges that the employees, officers,

20    directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

21    acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

22    conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

23    fact that Plaintiff's employment rights were being violated, with the intent to deprive her of

24    employment benefits. Accordingly, an award of punitive damages is warranted.

25        62.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

26    employees, officers, directors, and/or managing agents were undertaken with the prior approval,

27    consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

28    and through its officers, directors, and/or managing agents.

eLA File #: 2410                 -9-

**COMPLAINT FOR DAMAGES**

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

63.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

64.     At all times relevant to this action, Plaintiff was employed by Defendant.

65.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

66.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m). because of Plaintiff's disability and/or being regarded as disabled.

67.     At all times relevant to this action, Defendant unlawfully failed to provide Plaintiff reasonable accommodations in violation of CAL. GOV'T CODE § 12940(m) despite the fact that it had actual and constructive knowledge of her disability and need for accommodations, and Plaintiff's actual and constructive requests for accommodations.

68.     Defendant's failure to accommodate Plaintiff was substantially motivated by her disability, as previously pled herein.

69.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

70.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

71.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental

**COMPLAINT FOR DAMAGES**

1  expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek

2  leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

3       72.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

4  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

5  acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

6  conscious disregard Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact

7  that Plaintiff's employment rights were being violated, with the intent to deprive her of employment

8  benefits. Accordingly, an award of punitive damages is warranted.

9       73.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

10  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

11  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

12  and through its officers, directors, and/or managing agents.

13

14  <center>**SIXTH CAUSE OF ACTION**</center>

15  <center>**RETALIATION IN VIOLATION OF**</center>

16  <center>**THE FAIR EMPLOYMENT AND HOUSING ACT**</center>

17       74.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

18  Complaint, as though fully set forth herein.

19       75.    At all times relevant to this action, Plaintiff was employed by Defendant.

20       76.    At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force

21  and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain

22  from discriminating and retaliating against any employee on the basis of a disability, regarding

23  him/her as disabled, medical leave of absence, request for accommodation, and opposition to conduct

24  related thereto

25       77.    Defendant engaged in conduct that taken as a whole, materially and adversely affected

26  the terms and conditions of Plaintiff's employment.

27       78.    Plaintiff's assertion of her rights under CAL. GOV'T CODE §12900 *et seq.* and

28  opposition to unlawful conduct was a substantial motivating reason for Defendant's decision to

elA File #: 2410          -11-

<center>**COMPLAINT FOR DAMAGES**</center>

retaliate against and terminate her. Defendants' conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

79.     At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in violation of CAL. GOV'T CODE §§ 12940(h), 12940(m)(2), by terminating her.

80.     Defendant's retaliatory termination of Plaintiff's employment was substantially motivated by her disability, by Defendant regarding her as disabled, by her medical leaves of absence, request for accommodation, and opposition to Defendant's conduct related thereto, as previously pled herein.

81.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

82.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

83.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

84.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

85.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

**COMPLAINT FOR DAMAGES**

1   employees. officers. directors. and/or managing agents were undertaken with the prior approval.

2   consent. and authorization of Defendant and were subsequently authorized and ratified by it as well by

3   and through its officers. directors. and/or managing agents.

4

5   ## SEVENTH CAUSE OF ACTION

6   ## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

7   ## IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

8   86.     Plaintiff incorporates. by reference. all allegations in the above paragraphs of this

9   Complaint, as though fully set forth herein.

10   87.     At all times relevant to this action, Plaintiff was employed by Defendant.

11   88.     At all times relevant to this action. Defendant was an employer who regularly

12   employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

13   89.     At all times relevant to this action, Plaintiff was a member of a protected class within

14   the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of Plaintiff's disability and/or

15   being regarded as disabled.

16   90.     At all times relevant to this action. Defendant unlawfully discriminated and retaliated

17   against Plaintiff, as previously alleged, on the basis of her disability and/or being regarded as disabled

18   by terminating her employment.

19   91.     Defendant was substantially motivated to terminate Plaintiff on the basis of her

20   disability and/or being regarded as disabled, as previously pled herein.

21   92.     Defendant failed to take reasonable steps to prevent the unlawful discrimination and

22   retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE

23   §12940(k), even when management level employees of Defendant became aware of the discriminatory

24   and retaliatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

25   93.     As a direct and proximate result of Defendant's actions. Plaintiff has suffered and

26   continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

27   unable to obtain gainful employment. as her ability to obtain such employment and earning capacity

28   have been diminished. The exact amount of such expenses and losses is presently unknown, and

eLA File # 2410                                -13-

**COMPLAINT FOR DAMAGES**

1  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

2  ascertained.

3      94.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

4  damages, as she was psychologically injured. Such injuries have caused, and continue to cause

5  Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

6      95.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

7  in the future, will be required to employ physicians and incur additional medical and incidental

8  expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek

9  leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

10     96.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

11 directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

12 acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

13 conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

14 fact that Plaintiff's employment rights were being violated, with the intent to deprive her of

15 employment benefits. Accordingly, an award of punitive damages is warranted.

16     97.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

17 employees, officers, directors, and/or managing agents were undertaken with the prior approval,

18 consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

19 and through its officers, directors, and/or managing agents.

20

21                    **EIGHTH CAUSE OF ACTION**

22         **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

23     98.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

24 Complaint, as though fully set forth herein.

25     99.    At all times relevant to this action, Plaintiff was employed by Defendant.

26     100.   At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force

27 and effect and were binding upon Defendant. These sections, *inter alia,* require Defendant to refrain

28 from discriminating and retaliating against and terminating any employee on the basis of a disability.

**COMPLAINT FOR DAMAGES**

1   regarding him/her as disabled, serious health condition, need and requests for accommodations,

2   medical leaves of absence, and opposition to related conduct, as previously pled herein.

3       101.   Defendant's conduct as previously alleged was in retaliation for Plaintiff's assertion of

4   rights under CAL. GOV'T CODE §§12900 *et seq.*

5       102.   Plaintiff's assertion of her rights under CAL. GOV'T CODE §§12900 *et seq.* was a

6   substantial motivating reason for Defendant's decision to terminate Plaintiff. Defendant's conduct was

7   a substantial factor in causing harm to Plaintiff as set forth herein.

8       103.   CAL. GOV'T CODE §§12900 *et seq.* evinces a policy that benefits society at large, was

9   well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

10      104.   Defendant's wrongful termination of Plaintiff's employment was substantially

11  motivated by her disability, regarding him as disabled, serious health condition, need and requests for

12  accommodations, medical leaves of absence, and opposition to related conduct.

13      105.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

14  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

15  unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

16  have been diminished. The exact amount of such expenses and losses is presently unknown, and

17  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

18  ascertained.

19      106.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

20  damages, as she was psychologically injured. Such injuries have caused, and continue to cause

21  Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

22      107.   As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

23  in the future, will be required to employ physicians and incur additional medical and incidental

24  expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek

25  leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

26      108.   Plaintiff is informed and believes, and thereon alleges that the employees, officers,

27  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

28  acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

eLA File #. 2410                        -15-

**COMPLAINT FOR DAMAGES**

1  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

2  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of

3  employment benefits. Accordingly, an award of punitive damages is warranted.

4          109.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

5  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

6  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

7  and through its officers, directors, and/or managing agents.

8

9                              **PRAYER FOR RELIEF**

10         WHERFORE, Plaintiff ANNA ANUSH KHACHATRYAN, prays for judgment against

11  Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES 1

12  through 20, as follows:

13         1.      Past and future economic and non-economic damages according to proof;

14         2.      Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees

15                 according to proof;

16         3.      Injunctive relief compelling Defendant to reinstate Plaintiff to her previous position,

17                 prohibiting Defendant from engaging in similar unlawful conduct as complained of

18                 herein, and ordering Defendant to establish effective preventive mechanisms to ensure

19                 that the conduct complained of herein does not continue in the future;

20         4.      Declaratory relief that Defendant's conduct as complained of herein was a violation of

21                 Plaintiff's rights;

22         5.      Punitive damages; and

23         6.      All other relief that the Court deems just and proper.

24  ///

25

26  ///

27

28  ///

eLA File # 2410                                -16-

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims as provided by California law.

Dated: September 14, 2018

**EMPLOYEES' LEGAL ADVOCATES, LLP**

By: _____
    A. Jacob Nalbandyan, Esq.
    Ruben Limonjyan, Esq.
    Attorneys for Plaintiff,
    ANNA ANUSH KHACHATRYAN

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| A. Jacob Nalbandyan, Esq. (SBN 272023)<br>Ruben Limonjyan, Esq. (SBN 305307)<br>Employees' Legal Advocates, LLP<br>811 Wilshire Blvd. Suite 800, Los Angeles, CA  90017<br>TELEPHONE NO.:(213) 232-4848      FAX NO.:(213)232-4849<br>ATTORNEY FOR *(Name):*Anna Anush Khachatryan | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS:111. N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE:Los Angeles, CA 90012
BRANCH NAME:Stanley Mosk - Central District

CASE NAME:
Anna Anush Khachatryan v. State Farm Insurance

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

Items 1–5 below must be completed (see *instructions* on page 2).

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from<br>the above listed provisionally complex<br>case types (41)<br>**Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02) | [ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| **Employment**<br>[X] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial post judgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] non monetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):*  Eight (8)
5. This case [ ] is   [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 09/14/2018
Ruben Limonjyan, Esq.
_____                    _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 3.220, 3.400 - 3.403;<br>Standards of Judicial Administration § 19 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal
        Injury/Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice-
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach-Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or
    Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
        Case Matter
    Writ-Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally
    complex case type listed above*)
    (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgement (Out of
        County)
    Confession of Judgement (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified above*)
    (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief for Late
        Claim
    Other Civil Petition

| SHORT TITLE Anna Anush Khachatryan v. State Farm Insurance | CASE NUMBER |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

BC 7 2 2 2 8 0

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Anna Anush Khachatryan v. State Farm Insurance | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE Anna Anush Khachatryan v. State Farm Insurance | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE Anna Anush Khachatryan v. State Farm Insurance | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS 2309 E. Oakland Ave |
|---|---|
| 1. ✓ 2.   3.   4.   5.   6.   7.   8.   9.   10.   11. | |

| CITY Bloomington | STATE IL | ZIP CODE 61701 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 09/14/2018

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

-32-

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE - IC**

Your case is assigned for all purposes to the judicial officer indicated below.

CASE NUMBER: BС7 222 80

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Robert Broadbelt | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _____ SEP 1 7 2018
         (Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)   **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

 

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;



| SHORT TITLE: | CASE NUMBER. |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> (ATTORNEY FOR _____)

> (ATTORNEY FOR _____)

> (ATTORNEY FOR _____)

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                    FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                                   (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    > _____
        (TYPE OR PRINT NAME)                                   (ATTORNEY FOR PLAINTIFF)
Date:

_____                    > _____
        (TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)
Date:

_____                    > _____
        (TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)
Date:

_____                    > _____
        (TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)
Date:

_____                    > _____
        (TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____ )
Date:

_____                    > _____
        (TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____ )
Date:

_____                    > _____
        (TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____ )

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):        FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

CASE NUMBER:

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 

* **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

* **Mandatory Settlement Conference (MSC)**

Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

<div align="center">

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

</div>

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# EXHIBIT "B"


**CSC**

# Notice of Service of Process

null / ALL
Transmittal Number: 18737683
Date Processed: 09/24/2018

| Primary Contact: | State Farm Enterprise SOP |
|---|---|
| | Corporation Service Company- Wilmington, DELAWARE |
| | 251 Little Falls Dr |
| | Wilmington, DE 19808-1674 |

| Entity: | State Farm Mutual Automobile Insurance Company |
|---|---|
| | Entity ID Number  3461675 |
| Entity Served: | State Farm Mutual Automobile Insurance Company |
| Title of Action: | Anna Anush Khachatryan vs. State Farm Mutual Automobile Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC722280 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 09/21/2018 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | A. Jacob Nalbandyan |
| | 213-232-4848 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
Corporation, and DOES 1 through 20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANNA ANUSH KHACHATRYAN, an individual.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Los Angeles Superior Court
*(El nombre y dirección de la corte es):*

111 N. Hill St.
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*

BC 7 2 2 2 8 0

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

A. Jacob Nalbandyan, Esq. | Ruben Limonjyan, Esq.
Employees' Legal Advocates, LLP
811 Wilshire Blvd., Suite 800, Los Angeles, CA 90017
Phone: (213) 232-4848 Fax: (213) 232-4849

DATE: SEP 17 2018                                     Clerk, by _____, Deputy
*(Fecha)*                              SHERRI R. CARTER      *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):* State farm Mutual Automobile Insurance Company
3. [x] on behalf of *(specify):* Illinois Corporation
   under: [x] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on (c

[SEAL]

Page 1 of 1

Form Adopted for Mandatory
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

-49-

# EXHIBIT "C"

COPY

1   LAURIE E. SHERWOOD, State Bar No. 155312
WFBM, LLP
601 Montgomery Street, Ninth Floor
2   San Francisco, California 94111-2612
Telephone:   (415) 781-7072
3   Facsimile:   (415) 391-6258

4   SAGE R. KNAUFT, State Bar No. 194396
sknauft@wfbm.com
5   REEMA ABBOUD, State Bar No. 301841
rabboud@wfbm.com
6   WFBM, LLP
One City Boulevard West, Fifth Floor
7   Orange, California 92868-3677
Telephone:   (714) 634-2522
8   Facsimile:   (714) 634-0686

9   Attorneys for Defendant,
STATE FARM MUTUAL AUTOMOBILE
10   INSURANCE COMPANY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

OCT 17 2018

Sherri R. Carter, Executive Officer/Clerk
By: Jolene So, Deputy

11

12        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13              **COUNTY OF LOS ANGELES**

BY FAX

| | |
|---|---|
| 14 ANNA ANUSH KHACHATRYAN, an individual, | CASE NO.: BC722280 |
| 15           Plaintiff, | **DEFENDANT STATE FARM MUTUAL AUTOMOBILE COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| 16       v. | |
| 17 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois | ASSIGNED TO THE HONORABLE PATRICIA D. NIETO DEPT. 24 |
| 18 Corporation, and DOES 1 through 20, Inclusive, | |
| 19 | Date Action Filed:   September 17, 2018 |
| 20        Defendants. | Trial Date:         None Set |

21

22       Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

23 ("Defendant") answers the Unverified Complaint for Damages ("Complaint") of Plaintiff ANNA

24 ANUSH KHACHATRYAN ("Plaintiff") as follows:

25                        **GENERAL DENIAL**

26       Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant

27 generally denies each and every allegation and purported cause of action in the Complaint, and

28

4644891.1
0000-PENDING

-1-
DEFENDANT STATE FARM'S ANSWER TO PLAINTIFF'S COMPLAINT

1  further denies that Plaintiff sustained damages in any amount, or at all, by reason of any act,

2  breach, or omission on the part of Defendant or any of its agents, officers, or employees.

### AFFIRMATIVE DEFENSES

4      Without conceding that it bears the burden of proof, Defendant pleads the following

5  separate and independent affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

8      1.      The Complaint, and the purported causes of action alleged therein, fails to state

9  facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

12     2.      The Complaint, and the purported causes of action therein, is barred in whole or in

13  part to the extent that the applicable statute(s) of limitations has expired.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel, Waiver and/or Laches)

16     3.      The Complaint, and the purported causes of action therein, is barred in whole or in

17  part by the doctrines of estoppel and/or laches.   Plaintiff has waived, relinquished and/or

18  abandoned, and is estopped from asserting, any claim for relief respecting the matters that are the

19  subject of the Complaint, by reason of Plaintiff's own actions or omissions, and course of conduct.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

22     4.      The Complaint, and the purported causes of action therein, is barred in whole or in

23  part by the doctrine of unclean hands.

24  ///

25  ///

26

27

28

-2-
DEFENDANT STATE FARM'S ANSWER TO PLAINTIFF'S COMPLAINT

### FIFTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

5.     The Complaint, and the purported causes of action therein, is barred in whole or in part because Plaintiff unreasonably failed to use the measures Defendant provided to prevent and correct the issue of which Plaintiff complains.   Reasonable use of these measures would have prevented at least some, if not all, of the damages Plaintiff alleges she suffered.

### SIXTH AFFIRMATIVE DEFENSE

#### (Consent)

6.     The Complaint, and each and every purported cause of action therein, is barred because Plaintiff consented to, or otherwise authorized, all of the conduct about which Plaintiff now complains.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

7.     The Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant's actions, including its compensation/payment practices, complied with any applicable laws.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

8.     The Complaint, and each purported cause of action alleged therein related to Plaintiff's alleged disability, is barred because accommodating Plaintiff's alleged disability would have caused Defendant an undue hardship.

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Engage in the Interactive Process)

9.     The Complaint, and each purported cause of action alleged therein related to Plaintiff's alleged disability, is barred because Plaintiff failed to notify Defendant of her alleged disability, including any limitations associated with it, and failed to engage in the interactive process.

///

1

**TENTH AFFIRMATIVE DEFENSE**

2

**(Adequate Legal Remedy)**

3    10.    Plaintiff has an adequate legal remedy that precludes injunctive and other equitable

4    relief.

5

**ELEVENTH AFFIRMATIVE DEFENSE**

6

**(No Irreparable Harm)**

7    11.    Plaintiff has not suffered, and will not suffer, irreparable harm to warrant injunctive

8    or other equitable relief.

9

**TWELFTH AFFIRMATIVE DEFENSE**

10

**(Bad Faith)**

11    12.    The Complaint, and each purported cause of action alleged therein, is barred to the

12    extent Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous so as

13    to justify an award of attorneys' fees and costs in favor of Plaintiff and her attorneys.

14

**THIRTEENTH AFFIRMATIVE DEFENSE**

15

**(Reasonable, Good Faith, and Non-Discriminatory/Non-Retaliatory)**

16    13.    The Complaint, and each and every purported cause of action alleged therein, is

17    barred in that at all times mentioned in the Complaint, the purported actions and conduct of her

18    employer were undertaken in a permissible way and in good faith and in the reasonable belief that

19    such actions and conduct were lawful and valid, and not based on discrimination, harassment, or

20    retaliation.   Defendant is entitled, at trial, to a mixed motive instruction pursuant to *Harris v.*

21    *Santa Monica.*

22

**FOURTEENTH AFFIRMATIVE DEFENSE**

23

**(Scope of the Charge)**

24    14.    The Complaint, and the purported causes of action therein, is barred in whole or in

25    part to the extent it arises from events and circumstances, or acts and omissions, that are not the

26    subject of a complaint filed with the California Department of Fair Employment and Housing.

27    ///

28    ///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

15.     The Complaint, and each and every purported cause of action alleged therein, is barred to the extent Plaintiff failed to exercise reasonable care and diligence to mitigate any alleged injury, damages or loss claimed arising from facts and circumstances alleged in The Complaint.   Any recovery against Defendant, therefore, must be reduced in the amount attributable to Plaintiff's failure to mitigate her damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action and/or Failure to Utilize Corrective Measures)

16.     To the extent the Complaint asserts or alleges any cause of action for discrimination, retaliation, or harassment on any legally protected basis, Plaintiff's employer exercised reasonable care to prevent and correct promptly any unlawful discriminatory, retaliatory, or harassing behavior during Plaintiff's employment and/or Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities her employer provided to avoid harm otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

17.     Pursuant to Government Code sections 12900 *et seq.*, and any other applicable law, to the extent that the Complaint, and each and every purported cause of action alleged therein, is premised on allegations which extend beyond the one-year time period before the filing of a timely administrative complaint, or to the extent the claims are not substantially identical to the claims in any administrative complaint timely filed with the appropriate state agency, Plaintiff's claims are barred by her failure to exhaust administrative remedies, and the Court lacks jurisdiction with respect to any such allegations or claims.

///
///
///
///

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2

**(After Acquired Evidence)**

3      18.    The Complaint, and each and every purported cause of action alleged therein, is

4    barred and/or limited to the extent that evidence exists that would have resulted in the termination

5    of Plaintiff's employment had her employer known of the evidence during Plaintiff's employment.

6

**NINETEENTH AFFIRMATIVE DEFENSE**

7

**(Same Decision)**

8      19.    Even if it is found that Defendant's alleged acts were motivated by both

9    discriminatory and/or retaliatory and non-discriminatory and/or non-retaliatory reasons, the non-

10   discriminatory/non-retaliatory reasons alone would have induced them to make the same

11   decisions.

12

**TWENTIETH AFFIRMATIVE DEFENSE**

13

**(Unable to Perform Essential Duties)**

14     20.    The Complaint, and the purported causes of action therein related to Plaintiff's

15   alleged disability, is barred in whole or in part to the extent Plaintiff, because of her disability or

16   medical condition, was unable to perform her essential duties even with reasonable

17   accommodations, or could not perform those duties in a manner that would not have endangered

18   her health or safety or the health or safety of others even with reasonable accommodations.

19

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

20

**(Impermissible Punitive Damages)**

21     21.    Plaintiff is not entitled to recover any punitive or exemplary damages and any

22   allegations with respect thereto should be stricken because:

23          a.     Plaintiff failed to plead facts sufficient to support allegations of oppression,

24   fraud and/or malice.  (Civ. Code, § 3294(a)); and/or

25          b.     Plaintiff failed to plead facts sufficient to support allegations of gross or

26   reckless disregard for the rights of Plaintiff, or that Defendant was motivated by evil motive or

27   intent; and/or

28   ///

1        c.      Neither Defendant nor any of its agents committed any alleged oppressive,

2 fraudulent or malicious act, authorized or ratified such an act, or had advance knowledge of the

3 unfitness, if any, of any employee or employees who allegedly committed such an act, or

4 employed any such employee or employees with a conscious disregard of the rights or safety of

5 others. (Civ. Code, § 3294(b)); and/or

6        d.      California's laws regarding the alleged conduct in question in this action are

7 too vague to permit the imposition of punitive damages, and because California's laws, rules and

8 procedures regarding punitive damages deny due process, impose criminal penalties without the

9 requisite protections, violate the Fourteenth Amendment of the United States Constitution and

10 place an unreasonable burden on interstate commerce.

11 **TWENTY-SECOND AFFIRMATIVE DEFENSE**

12 **(Employee Duties)**

13    22.    The Complaint, and the purported causes of action therein, is barred in whole or in

14 part by Labor Code sections 2854, 2856 and 2858, to the extent Plaintiff failed to use ordinary

15 care and diligence, and reasonable skill, in the performance of her duties, and failed to

16 substantially comply with her employer's reasonable directions while in its employ.

17 **TWENTY-THIRD AFFIRMATIVE DEFENSE**

18 **(Preexisting Condition)**

19    23.    The Complaint, and the purported causes of action therein related to Plaintiff's

20 alleged disability, is barred to the extent Plaintiff suffered any symptoms of mental or emotional

21 distress or injury, they were the result of a preexisting psychological disorder or alternative

22 concurrent cause, and not the result of any act or omission of Defendant.

23 **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24 **(Offset)**

25    24.    Plaintiff is barred, in whole or in part, from recovery of damages as alleged and

26 prayed for in her Complaint to the extent that she has already received benefits or awards relating

27 to her claims in the Complaint or, alternatively, any such benefits received by Plaintiff should be

28 an offset to any recovery in this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

25.     Defendant presently has insufficient knowledge and information as to whether it may have additional, yet unstated, affirmative defenses.  Defendant reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

## PRAYER

WHEREFORE, Defendant prays for relief as follows:

1.     Plaintiff takes nothing by way of the Complaint;

2.     The Complaint be dismissed with prejudice in its entirety;

3.     Defendant has judgment against Plaintiff;

4.     Defendant be awarded its costs of suit;

5.     Defendant be awarded its attorneys' fees; and

6.     Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: October 17, 2018                    WFBM, LLP


By: _____
    LAURIE E. SHERWOOD
    SAGE R. KNAUFT
    REEMA ABBOUD
    Attorneys for Defendant
    STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is One City Blvd. West, Fifth Fl., Orange, CA 92868.

On October 17 , 2018, I served true copies of the following document(s) described as

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties in this action as follows:

A. Jacob Nalbandyan, Esq.
Ruben Limonjyan, Esq.
EMPLOYEES' LEGAL ADVOCATES, LLP
811 Wilshire Blvd, Suite 800
Los Angeles, CA 90017
Telephone:     (213) 232-4848
Fax:                (213) 232-4849

Attorneys for Plaintiff, Ana Anush Khachatryan

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with WFBM, LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Orange, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 17, 2018, at Orange, California.

Shawn Hanley

4644891.1
0000-PENDING

-9-

DEFENDANT STATE FARM'S ANSWER TO PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**

1

2    I am resident of California, over the age of eighteen years, and not a party to

3    the within action. My business address is: One City Boulevard West, 5th Floor,

4    Orange, California.  On October 22, 2018, I served the within documents.

5    **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED**

6    **STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 and 1441**

7    **(DIVERSITY); DECLARATION OF LAURIE SHERWOOD**

8    By electronically serving the documents(s) described above via the United

9    States District Court Electronic Case Filing website (CM/ECF notification system)

10   to all counsel of record and to those registered to receive a Notice of Electronic

11   Filing for this case.

12

13

14

15   _____

16   Shawn Hanley

17

18

19

20

21

22

23

24

25

26

27

28

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

4644893.1
4893-3.4951

-8-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(a) (DIVERSITY);