1  A. Jacob Nalbandyan, Esq. (SBN 272023)
   jnalbandyan@employeesla.com
2  Ruben Limonjyan, Esq. (SBN 305307)
3  rlimonjyan@employeesla.com
   **EMPLOYEES' LEGAL ADVOCATES, LLP**
4  811 Wilshire Blvd, Suite 800
   Los Angeles, CA 90017
5  Tel: (213) 232-4848
6  Fax: (213) 232-4849

7  Attorneys for Plaintiff,
   ANNA ANUSH KHACHATRYAN
8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11

12  ANNA ANUSH KHACHATRYAN, an          )  Case No.:          BC 7 2 2 2 8 0
13  individual,                          )
                                         )  **COMPLAINT FOR DAMAGES**
14               Plaintiff,              )
                                         )  1. **DISCRIMINATION IN VIOLATION OF**
15                                       )     **THE CALIFORNIA FAMILY RIGHTS**
                                         )     **ACT**
16          vs.                          )  2. **RETALIATION IN VIOLATION OF THE**
17                                       )     **CALIFORNIA FAMILY RIGHTS ACTS**
                                         )  3. **DISABILITY DISCRIMINATION IN**
18  STATE FARM MUTUAL AUTOMOBILE         )     **VIOLATION OF THE FAIR**
19  INSURANCE COMPANY, an Illinois       )     **EMPLOYMENT AND HOUSING ACT**
    Corporation, and DOES 1 through 20, Inclusive, )  4. **FAILURE TO ENGAGE IN A GOOD**
20                                       )     **FAITH INTERACTIVE PROCESS IN**
               Defendants.              )     **VIOLATION OF THE FAIR**
21                                       )     **EMPLOYMENT AND HOUSING ACT**
                                         )  5. **FAILURE TO PROVIDE REASONABLE**
22                                       )     **ACCOMODATIONS IN VIOLATION OF**
23                                       )     **THE FAIR EMPLOYMENT AND**
                                         )     **HOUSING ACT**
24                                       )  6. **RETALIATION IN VIOLATION OF THE**
25                                       )     **FAIR EMPLOYMENT AND HOUSING**
                                         )     **ACT**
26                                       )  7. **FAILURE TO PREVENT**
27                                       )     **DISCRIMINATION IN VIOLATION OF**
                                         )     **THE FAIR EMPLOYMENT AND**
28                                       )     **HOUSING ACT**
                                         )  8. **WRONGFUL TERMINATION IN**

eLA File # 2410                      -1-

**COMPLAINT FOR DAMAGES**

|  |  |
|---|---|
| ) | **VIOLATION OF PUBLIC POLICY** |
| ) | |
| ) | **DEMAND OVER $25,000** |
| ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| ) | |

ANNA ANUSH KHACHATRYAN ("Plaintiff") is informed and believes, and alleges thereon, the following:

### PARTIES, VENUE, AND JURISDICTION

1.      Plaintiff, at all times relevant to this action, resided in Los Angeles County, California.

2.      Plaintiff is informed and believes, and thereon alleges STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM") is an Illinois Corporation with its principal place of business in Los Angeles County, California.

3.      Plaintiff is informed and believes, and thereon alleges that Defendant STATE FARM is an insurance and financial services company.

4.      The unlawful acts pleaded herein occurred in Los Angeles County, California.

5.      Venue is proper in Los Angeles County pursuant to California Government Code § 12965.

6.      Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7.      At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendant, and was acting within the course and scope of such agency or employment.

8.      Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiffs' injuries as herein alleged.

eLA File # 2410                                        -2-

**COMPLAINT FOR DAMAGES**

9.      Pursuant to CAL. GOV'T CODE §§12960, *et seq.*, Plaintiff filed a charge against Defendant with the California Department of Fair Employment and Housing ("DFEH") on December 4, 2017, less than one year from the date of most recent actionable offense. On December 4, 2017, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

## FACTUAL ALLEGATIONS

10.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

11.     In or about March 2012, Plaintiff began working for Defendant as an automobile claims representative. Plaintiff's good work ethic and positive remarks from her supervisors led her to several promotions during the first couple of years of employment with Defendant.

12.     In or about November 2012, Plaintiff was promoted to a fire claims specialist. She was subsequently promoted to the special investigative unit (SIU) as a claim specialist in or about March 2014. Plaintiff was once again promoted to the multi claims investigative unit (MCIU) as a claim specialist in or about December 2014 under a new supervisor, Andrew Albertson.

13.     In or about early 2015, Plaintiff began treating for various orthopedic injuries associated with her disabling spinal anomalies. Soon thereafter, Plaintiff began rehabilitating with, among other things, courses of physical therapy. Plaintiff kept Defendant apprised of all of her doctor's appointments and medical notes at all times throughout her employment.

14.     Plaintiff continued working for Defendant as she was rehabilitating from her disability. As a result, she took several intermittent medical leaves of absence, which did not sit well with Defendant. Thereafter, on or about July 25, 2016, Plaintiff took an extended approved medical leave of absence until or about November 18, 2016 to help facilitate her recovery stemming from her disability.

15.     Plaintiff returned from her medical leave of absence on or about November 19, 2016, and was terminated shortly thereafter as a result of her disability and associated leave of absence.

16.     Plaintiff was left embarrassed, ashamed, emotionally broken, and in financial desperation for having been directly discriminated against for having a disability and/or taking medical leaves of absence despite years of outstanding and loyal service to Defendant.

eLA File # 2410                                   -3-

**COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF

### THE CALIFORNIA FAMILY RIGHTS ACT

17.   Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

18.   At all times relevant to this action, Plaintiff was employed by Defendant.

19.   At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

20.   At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed fifty or more persons within the meaning of CAL. GOV'T CODE §12945.2(b)-(c)(2).

21.   At all times relevant to this action, Plaintiff had more than 12 months of service with Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE §12945.2(a).

22.   Defendant unlawfully discriminated against Plaintiff because of her serious health condition and medical leave of absence by terminating her in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(t), and 12945.2(l).

23.   Defendant's decision to terminate Plaintiff was substantially motivated by her serious health condition and medical leaves of absence, as previously pled herein.

24.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

25.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff

-4-

**COMPLAINT FOR DAMAGES**

1   great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

2       26.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

3   the future, will be required to employ physicians and incur additional medical and incidental expenses.

4   The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to

5   amend this Complaint to set forth the exact amount when it has been ascertained.

6       27.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

7   directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

8   were carried out with full knowledge of the extreme risk of injury involved, and with willful and

9   conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

10  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment

11  benefits. Accordingly, an award of punitive damages is warranted.

12      28.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

13  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

14  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

15  and through its officers, directors, and/or managing agents.

16

17                          **SECOND CAUSE OF ACTION**

18                          **RETALIATION IN VIOLATION OF**

19                      **THE CALIFORNIA FAMILY RIGHTS ACT**

20      29.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this

21  Complaint as though fully set forth herein.

22      30.    At all times relevant to this action, Plaintiff was employed by Defendant.

23      31.    At all times relevant to this action, Plaintiff suffered from a serious health condition

24  within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

25      32.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges

26  that Defendant was an employer who regularly employed fifty or more persons within the meaning of

27  CAL. GOV'T CODE §12945.2(b)-(c)(2).

28      33.    At all times relevant to this action, Plaintiff had more than 12 months of service with

**COMPLAINT FOR DAMAGES**

1  Defendant. had worked at least 1,250 hours for Defendant during the previous 12 months, and had

2  taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE

3  §12945.2(a).

4       34.    Defendant unlawfully retaliated against Plaintiff because of her serious health condition

5  and medical leave of absence by terminating her in violation of CAL. GOV'T CODE §§ 12945.2(a),

6  12945.2(t), and 12945.2(l).

7       35.    Defendant's decision to terminate Plaintiff was substantially motivated by her serious

8  health condition and medical leaves of absence. as previously pled herein.

9       36.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

10  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

11  unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

12  have been diminished. The exact amount of such expenses and losses is presently unknown, and

13  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

14  ascertained.

15       37.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

16  damages. as she was psychologically injured. Such injuries have caused. and continue to cause Plaintiff

17  great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

18       38.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

19  the future, will be required to employ physicians and incur additional medical and incidental expenses.

20  The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to

21  amend this Complaint to set forth the exact amount when it has been ascertained.

22       39.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

23  directors. and/or managing agents of Defendant acted with malice and oppression. as their unlawful acts

24  were carried out with full knowledge of the extreme risk of injury involved. and with willful and

25  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

26  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment

27  benefits. Accordingly, an award of punitive damages is warranted.

28       40.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

eLA File #: 2410                        -6-

**COMPLAINT FOR DAMAGES**

1    employees, officers, directors, and/or managing agents were undertaken with the prior approval,

2    consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

3    and through its officers, directors, and/or managing agents.

4

5                              **THIRD CAUSE OF ACTION**

6                    **DISABILITY DISCRIMINATION IN VIOLATION OF**

7                       **THE FAIR EMPLOYMENT AND HOUSING ACT**

8           41.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

9    Complaint, as though fully set forth herein.

10          42.    At all times relevant to this action, Plaintiff was employed by Defendant.

11          43.    At all times relevant to this action, Defendant was an employer who regularly

12   employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

13          44.    At all times relevant to this action, Plaintiff was a member of a protected class within

14   the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m) because of her disability and/or being

15   regarded as disabled.

16          45.    At all times relevant to this action, Defendant unlawfully discriminated against

17   Plaintiff, as previously alleged, on the basis of her disability and/or being regarded as disabled by

18   terminating her.

19          46.    Defendant was substantially motivated to terminate Plaintiff because of her disability

20   and/or regarding her as disabled.

21          47.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

22   continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

23   unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

24   have been diminished. The exact amount of such expenses and losses is presently unknown, and

25   Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

26   ascertained.

27          48.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

28   damages, as she was psychologically injured. Such injuries have caused, and continue to cause

eLA File #. 2410                                      -7-

                            **COMPLAINT FOR DAMAGES**

1  Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

2      49.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

3  in the future, will be required to employ physicians and incur additional medical and incidental

4  expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek

5  leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

6      50.     Plaintiff is informed and believes, and thereon alleges that the employees, officers,

7  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

8  acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

9  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

10  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of

11  employment benefits. Accordingly, an award of punitive damages is warranted.

12      51.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

13  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

14  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

15  and through its officers, directors, and/or managing agents.

16

17                      **FOURTH CAUSE OF ACTION**

18      **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

19         **IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

20      52.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

21  Complaint, as though fully set forth herein.

22      53.     At all times relevant to this action, Plaintiff was employed by Defendant.

23      54.     At all times relevant to this action, Defendant was an employer who regularly

24  employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

25      55.     At all times relevant to this action, Plaintiff was a member of a protected class within

26  the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of Plaintiff's disability and/or

27  being regarded as disabled.

28      56.     Defendant unlawfully failed to engage in a timely, good faith, interactive process with

**COMPLAINT FOR DAMAGES**

1   Plaintiff to determine effective reasonable accommodations despite the fact that it had actual and

2   constructive knowledge of her disability, in violation of CAL. GOV'T CODE §§ 12940(n) and

3   12926.1(e), as previously pled herein.

4        57.   Defendant's failure to engage in a good faith interactive process with Plaintiff was

5   substantially motivated by her disability, as previously pled herein.

6        58.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

7   continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

8   unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

9   have been diminished. The exact amount of such expenses and losses is presently unknown, and

10  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

11  ascertained.

12       59.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

13  damages, as she was psychologically injured. Such injuries have caused, and continue to cause

14  Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

15       60.   As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

16  in the future, will be required to employ physicians and incur additional medical and incidental

17  expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek

18  leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

19       61.   Plaintiff is informed and believes, and thereon alleges that the employees, officers,

20  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

21  acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

22  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

23  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of

24  employment benefits. Accordingly, an award of punitive damages is warranted.

25       62.   Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

26  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

27  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

28  and through its officers, directors, and/or managing agents.

eLA File #: 2410                                -9-

**COMPLAINT FOR DAMAGES**

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

63.   Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

64.   At all times relevant to this action, Plaintiff was employed by Defendant.

65.   At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

66.   At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m). because of Plaintiff's disability and/or being regarded as disabled.

67.   At all times relevant to this action, Defendant unlawfully failed to provide Plaintiff reasonable accommodations in violation of CAL. GOV'T CODE § 12940(m) despite the fact that it had actual and constructive knowledge of her disability and need for accommodations, and Plaintiff's actual and constructive requests for accommodations.

68.   Defendant's failure to accommodate Plaintiff was substantially motivated by her disability, as previously pled herein.

69.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

70.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

71.   As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental

**COMPLAINT FOR DAMAGES**

1  expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek

2  leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

3       72.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

4  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

5  acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

6  conscious disregard Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact

7  that Plaintiff's employment rights were being violated, with the intent to deprive her of employment

8  benefits. Accordingly, an award of punitive damages is warranted.

9       73.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

10  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

11  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

12  and through its officers, directors, and/or managing agents.

13

### SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### THE FAIR EMPLOYMENT AND HOUSING ACT

17       74.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

18  Complaint, as though fully set forth herein.

19       75.    At all times relevant to this action, Plaintiff was employed by Defendant.

20       76.    At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force

21  and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain

22  from discriminating and retaliating against any employee on the basis of a disability, regarding

23  him/her as disabled, medical leave of absence, request for accommodation, and opposition to conduct

24  related thereto

25       77.    Defendant engaged in conduct that taken as a whole, materially and adversely affected

26  the terms and conditions of Plaintiff's employment.

27       78.    Plaintiff's assertion of her rights under CAL. GOV'T CODE §12900 *et seq.* and

28  opposition to unlawful conduct was a substantial motivating reason for Defendant's decision to

eLA File #: 2410

-11-

**COMPLAINT FOR DAMAGES**

1  retaliate against and terminate her. Defendants' conduct was a substantial factor in causing harm to

2  Plaintiff as set forth herein.

3      79.     At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in

4  violation of CAL. GOV'T CODE §§ 12940(h), 12940(m)(2), by terminating her.

5      80.     Defendant's retaliatory termination of Plaintiff's employment was substantially

6  motivated by her disability, by Defendant regarding her as disabled, by her medical leaves of absence.

7  request for accommodation, and opposition to Defendant's conduct related thereto, as previously pled

8  herein.

9      81.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

10  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

11  unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

12  have been diminished. The exact amount of such expenses and losses is presently unknown, and

13  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

14  ascertained.

15      82.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

16  damages, as she was psychologically injured. Such injuries have caused, and continue to cause

17  Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

18      83.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

19  in the future, will be required to employ physicians and incur additional medical and incidental

20  expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek

21  leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

22      84.     Plaintiff is informed and believes, and thereon alleges that the employees, officers,

23  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

24  acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

25  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

26  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of

27  employment benefits. Accordingly, an award of punitive damages is warranted.

28      85.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

el.A File # 2410                              -12-

**COMPLAINT FOR DAMAGES**

employees. officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

86.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

87.     At all times relevant to this action, Plaintiff was employed by Defendant.

88.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

89.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of Plaintiff's disability and/or being regarded as disabled.

90.     At all times relevant to this action, Defendant unlawfully discriminated and retaliated against Plaintiff, as previously alleged, on the basis of her disability and/or being regarded as disabled by terminating her employment.

91.     Defendant was substantially motivated to terminate Plaintiff on the basis of her disability and/or being regarded as disabled, as previously pled herein.

92.     Defendant failed to take reasonable steps to prevent the unlawful discrimination and retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendant became aware of the discriminatory and retaliatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

93.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and

eLA File # 2410

-13-

1  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

2  ascertained.

3      94.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

4  damages, as she was psychologically injured. Such injuries have caused, and continue to cause

5  Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

6      95.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

7  in the future, will be required to employ physicians and incur additional medical and incidental

8  expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek

9  leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

10     96.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

11 directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

12 acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

13 conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

14 fact that Plaintiff's employment rights were being violated, with the intent to deprive her of

15 employment benefits. Accordingly, an award of punitive damages is warranted.

16     97.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

17 employees, officers, directors, and/or managing agents were undertaken with the prior approval,

18 consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

19 and through its officers, directors, and/or managing agents.

20

21                          **EIGHTH CAUSE OF ACTION**

22         **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

23     98.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

24 Complaint, as though fully set forth herein.

25     99.    At all times relevant to this action, Plaintiff was employed by Defendant.

26     100.   At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force

27 and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain

28 from discriminating and retaliating against and terminating any employee on the basis of a disability.

1  regarding him/her as disabled, serious health condition, need and requests for accommodations,

2  medical leaves of absence, and opposition to related conduct, as previously pled herein.

3     101.   Defendant's conduct as previously alleged was in retaliation for Plaintiff's assertion of

4  rights under CAL. GOV'T CODE §§12900 *et seq.*

5     102.   Plaintiff's assertion of her rights under CAL. GOV'T CODE §§12900 *et seq.* was a

6  substantial motivating reason for Defendant's decision to terminate Plaintiff. Defendant's conduct was

7  a substantial factor in causing harm to Plaintiff as set forth herein.

8     103.   CAL. GOV'T CODE §§12900 *et seq.* evinces a policy that benefits society at large, was

9  well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

10    104.   Defendant's wrongful termination of Plaintiff's employment was substantially

11  motivated by her disability, regarding him as disabled, serious health condition, need and requests for

12  accommodations, medical leaves of absence, and opposition to related conduct.

13    105.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

14  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

15  unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

16  have been diminished. The exact amount of such expenses and losses is presently unknown, and

17  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

18  ascertained.

19    106.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

20  damages, as she was psychologically injured. Such injuries have caused, and continue to cause

21  Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

22    107.   As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

23  in the future, will be required to employ physicians and incur additional medical and incidental

24  expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek

25  leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

26    108.   Plaintiff is informed and believes, and thereon alleges that the employees, officers,

27  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

28  acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

eLA File #. 2410                             -15-

**COMPLAINT FOR DAMAGES**

1  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

2  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of

3  employment benefits. Accordingly, an award of punitive damages is warranted.

4        109.   Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

5  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

6  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

7  and through its officers, directors, and/or managing agents.

8

9                              **PRAYER FOR RELIEF**

10       WHERFORE, Plaintiff ANNA ANUSH KHACHATRYAN, prays for judgment against

11  Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES 1

12  through 20, as follows:

13       1.     Past and future economic and non-economic damages according to proof;

14       2.     Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees

15              according to proof;

16       3.     Injunctive relief compelling Defendant to reinstate Plaintiff to her previous position,

17              prohibiting Defendant from engaging in similar unlawful conduct as complained of

18              herein, and ordering Defendant to establish effective preventive mechanisms to ensure

19              that the conduct complained of herein does not continue in the future;

20       4.     Declaratory relief that Defendant's conduct as complained of herein was a violation of

21              Plaintiff's rights;

22       5.     Punitive damages; and

23       6.     All other relief that the Court deems just and proper.

24  ///

25

26  ///

27

28  ///

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims as provided by California law.

Dated: September 14, 2018                    **EMPLOYEES' LEGAL ADVOCATES, LLP**

By: _____
    A. Jacob Nalbandyan, Esq.
    Ruben Limonjyan, Esq.
    Attorneys for Plaintiff,
    ANNA ANUSH KHACHATRYAN

eLA File # 2410

-17-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

A. Jacob Nalbandyan, Esq. (SBN 272023)
Ruben Limonjyan, Esq. (SBN 305307)
Employees' Legal Advocates, LLP
811 Wilshire Blvd. Suite 800, Los Angeles, CA  90017
TELEPHONE NO.:(213) 232-4848      FAX NO.:(213)232-4849
ATTORNEY FOR *(Name):*Anna Anush Khachatryan

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS:111. N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE:Los Angeles, CA 90012
BRANCH NAME:Stanley Mosk - Central District

CASE NAME:
Anna Anush Khachatryan v. State Farm Insurance

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

Items 1-5 below must be completed (see *instructions* on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial post judgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] non monetary: declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 09/14/2018
Ruben Limonjyan, Esq.
_____          _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400 - 3.403,
Standards of Judicial Administration  § 19

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)-Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal
   Injury/Wrongful Death
 Product Liability (*not asbestos or
  toxic/environmental*) (24)
 Medical Malpractice (45)
  Medical Malpractice-
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   (*not medical or legal*)
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract (*not unlawful detainer
   or wrongful eviction*)
  Contract/Warranty Breach-Seller
   Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
   domain, landlord/tenant, or
   foreclosure*)

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or
  Residential*)

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court
   Case Matter
  Writ-Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 3.400-3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  (*arising from provisionally
  complex case type listed above*)
  (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgement (Out of
   County)
  Confession of Judgement (*non-
   domestic relations*)
  Sister State Judgment
  Administrative Agency Award
   (*not unpaid taxes*)
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
   harassment*)
  Mechanics Lien
  Other Commercial Complaint
   Case (*non-tort/non-complex*)
  Other Civil Complaint
   (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition (*not specified above*)
  (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief for Late
   Claim
  Other Civil Petition

| SHORT TITLE Anna Anush Khachatryan v. State Farm Insurance | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

BC 7 2 2 2 8 0

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

-29-

| SHORT TITLE: Anna Anush Khachatryan v. State Farm Insurance | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE Anna Anush Khachatryan v. State Farm Insurance | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108   Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151   Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152   Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153   Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150   Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006   Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐  A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐  A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐  A6141   Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160   Abstract of Judgment | 2, 6 |
| | | ☐  A6107   Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140   Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112   Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030   Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040   Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐  A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐  A6121   Civil Harassment | 2, 3, 9 |
| | | ☐  A6123   Workplace Harassment | 2, 3, 9 |
| | | ☐  A6124   Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐  A6190   Election Contest | 2 |
| | | ☐  A6110   Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170   Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100   Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Anna Anush Khachatryan v. State Farm Insurance | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>1. ✓ 2.   3.   4.   5.   6.   7.   8.   9.   10.   11. | ADDRESS<br>2309 E. Oakland Ave |
|---|---|
| CITY<br>Bloomington | STATE<br>IL | ZIP CODE<br>61701 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __09/14/2018_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

-32-

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE - IC**

CASE NUMBER:

BC7 222 80

Your case is assigned for all purposes to the judicial officer indicated below.

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Robert Broadbelt | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _____ SEP 1 7 2018
         (Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

 

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):     FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;



| SHORT TITLE: | CASE NUMBER. |
|---|---|
|  |  |

  iii. Be filed within two (2) court days of receipt of the Request; and

  iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

 c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

 d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

 e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

  It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                          (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

**STIPULATION -- EARLY ORGANIZATIONAL MEETING**

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):   FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**          Page 1 of 2
For Optional Use

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 

* **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

* **Mandatory Settlement Conference (MSC)**

Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221